IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CARL WILLIAMS,**

    **Plaintiff,**

    v.                                    **CASE NO. 22-3157-JWL-JPO**

**CCA, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case while housed at USP Leavenworth, in Leavenworth, Kansas. The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On August 5, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until September 2, 2022, in which to either show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges cruel and unusual punishment and the use of excessive force. Plaintiff alleges that the defendants are correctional officers employed by CCA. Plaintiff alleges that the officers "acted in a rude, angry, malicious manner on each instance." (Doc. 1, at 1.) Although Plaintiff alleges that the "attached documentation" will show that the Defendants applied force maliciously and sadistically for the purpose of causing harm, no attachments were filed with his Complaint. *Id*. Plaintiff alleges that the officers that did not use force are liable for their nonfeasance and failure to act. *Id*.

The Supreme Court recognized in *Bivens* an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against

1

unreasonable searches and seizures. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Court found in the MOSC that although the Supreme Court has recognized a remedy under *Bivens* for Eighth Amendment violations, Plaintiff is unable to assert a *Bivens* claim against the Defendants in this case.

Plaintiff names CCA and several CCA employees as Defendants. The Supreme Court has held that a *Bivens* action does not lie against a private corporation that manages a private prison. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons). The Supreme Court has also held that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation). CCA is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency. Defendants are private employees of a private corporation. The Supreme Court also rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id*. at 126–27. Plaintiff's remedy against CCA and its employees, if any, is an action in state court for negligence or other misconduct.

The Court also found in the MOSC that to the extent Plaintiff seeks to have his disciplinary record expunged, such a claim must be brought as a petition for habeas corpus under 28 U.S.C. § 2241 after the proper exhaustion of administrative remedies. *See Buhl v. Hood*, 81 F. App'x 273, 274 (10th Cir. 2003) (unpublished) (citing *see, e.g., Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002) (construing § 2254 habeas corpus action challenging prison

disciplinary proceeding as action brought under § 2241); *Easter v. Saffle,* 51 Fed. Appx. 286, 288–89 (10th Cir. 2002) (noting that where claims necessarily imply invalidity of punishment imposed by disciplinary proceeding, they cannot be brought under § 1983) (unpublished); *Caserta v. Kaiser,* No. 00–6108, 2000 WL 1616248, at *2 (10th Cir. Oct. 30, 2000) (noting that determination of "issues concerning prison disciplinary proceedings," are properly brought under § 2241) (unpublished); *Blum v. Fed. Bureau of Prisons,* No. 98–1055, 1999 WL 638232, at *1 (10th Cir. Aug. 23, 1999) (recognizing federal prisoner's challenge to disciplinary proceeding brought under 28 U.S.C. § 2241) (unpublished); *Reed v. Smith,* No. 97–6341, 1999 WL 345492, at **1–2 (10th Cir. June 1, 1999) (challenge to federal prison disciplinary proceeding not cognizable in *Bivens* action, but rather belongs under habeas corpus) (unpublished); *Brown v. Smith,* 828 F.2d 1493, 1494–95 (10th Cir. 1987) (construing civil rights complaint as also invoking § 2241 jurisdiction where prisoner challenged disciplinary proceedings)).

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 3, at 10.)  Plaintiff has failed to respond to the MOSC and has failed to show good cause why his Complaint should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 6, 2022, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**